# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF ILLINOIS

## PLAN OF THE UNITED STATES DISTRICT COURT

## FOR THE NORTHERN DISTRICT OF ILLINOIS

## PURSUANT TO THE CRIMINAL JUSTICE ACT OF 1964



GOVERNMENT
EXHIBIT
A

**PLAN**
**OF THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF ILLINOIS**
**PURSUANT TO THE CRIMINAL JUSTICE ACT OF 1964**

## CONTENTS

I.    Statement of Policy
    A. Objectives
    B. Compliance

II.   Definitions
    A. Representation
    B. Appointed Attorney

III.  Provision of Representation
    A. Mandatory
    B. Discretionary
    C. When Counsel Shall be Provided
    D. Number of Counsel
    E. Eligibility for Representation

IV.   Community Defender Organization
    A. Establishment
    B. Supervision of Defender Organization
    C. Management of the Panel

V.    Private Panel Attorneys

VI.   Representation in Cases Involving the Death Penalty

VII.  Duties of Appointed Counsel
    A. Standards
    B. Professional Conduct
    C. No Receipt of Other Payment
    D. Continuing Representation

VIII. Duties of Law Enforcement and Related Agencies
    A. Presentation of Accused for Appointment of Counsel
    B. Pretrial Services Interview
    C. Notice of Indictment or Criminal Information

2

IX.  Administration of This Plan
    A.  Panel of Attorneys
    B.  Application for Panel Membership
    C.  Panel Attorney Selection Committee
    D.  Management of the Panel
    E.  List of FDP Staff Attorneys
    F.  Distribution of Lists
    G.  Systematic Appointments; Duty Day System
    H.  Appointment of Attorneys Not on the Panel

X.  Determination of Need for Counsel
    A.  Determination in Court
    B.  Factfinding
    C.  Standards for Eligibility
    D.  Retroactivity of Appointment
    E.  Multiple Representation
    F.  Discretionary Appointments
    G.  Waiver of Right to Counsel

XI.  Appointment of Counsel
    A.  Federal Defender Program, Inc.
    B.  The Court
    C.  Redetermination of Need

XII.  Investigative, Expert and Other Services
    A.  In Non-Capital Cases
        1.  With Prior Authorization
        2.  Without Prior Authorization
        3.  Maximum Compensation
    B.  In Capital Cases
    C.  Ex Parte Applications

XIII.  Miscellaneous
    A.  Forms
    B.  Compensation
        1.  Federal Defender Program, Inc.
        2.  Private CJA Attorneys
    C.  Supersession

XIV.  Effective Date

PLAN
OF THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
PURSUANT TO THE CRIMINAL JUSTICE ACT OF 1964

Pursuant to the Criminal Justice Act of 1964 (18 U.S.C. § 3006A) and the Guidelines for the Administration of the Criminal Justice Act, Volume VII, Guide to Judicial Policies and Procedures (CJA Guidelines), the Judges of the United States District Court for the Northern District of Illinois adopt this Plan for furnishing representation of any person financially unable to obtain adequate representation in accordance with the CJA.

## I. STATEMENT OF POLICY

### A. Objectives

1. The objective of this Plan is to attain the ideal of equality before the law for all persons. Therefore, this Plan shall be administered so that those accused of crime, or otherwise eligible for services pursuant to the CJA, will not be deprived, because they are financially unable to pay for adequate representation, of any element of representation necessary to an adequate defense.

2. The further objective of this Plan is to particularize the requirements of the CJA, the CJA Guidelines and statutory requirements regarding representation in capital cases in a way that meets the needs of this District.

### B. Compliance

1. The Court, its Clerk, the Community Defender Organization, and private attorneys appointed under the CJA shall comply with the CJA Guidelines approved by the Judicial Conference of the United States and/or its Committee on Defender Services and with this Plan.

2. Each private attorney shall be provided by the Federal Defender Program with a current copy of this Plan upon the attorney's first appointment under the CJA or designation as a member of the Panel of private attorneys under the CJA (CJA Panel). The Clerk shall maintain a current copy of the CJA Guidelines for the use of members of the CJA Panel and shall make known to such attorneys its availability.

4

## II. DEFINITIONS

A. "Representation" includes counsel, investigative, expert and other services necessary to an adequate defense.

B. "Appointed attorney" includes private attorneys furnished by the Capital Litigation Division of the State Appellate Defenders Office, private Panel attorneys, and the Executive Director of the Community Defender Organization.

## III. PROVISION OF REPRESENTATION

A. **Mandatory** Representation **shall** be provided for any financially eligible person who:

1. is charged with a felony or Class A misdemeanor;

2. is a juvenile alleged to have committed an act of juvenile delinquency which, if committed by an adult, would be a felony or Class A misdemeanor;

3. is charged with a violation of probation or faces modification, reduction, or enlargement of a condition or extension or revocation of a term of probation;

4. is under arrest, when such representation is required by law;

5. is subject to revocation of parole or is otherwise entitled to appointment of counsel in parole proceedings;

6. is charged with a violation of supervised release or faces modification, reduction, or enlargement of a condition or extension or revocation of a term of supervised release;

7. is subject to a mental condition hearing under chapter 313 of Title 18 of the United States Code;

8. is seeking to set aside or vacate a death sentence under sections 2254 or 2255 of Title 28 of the United States Code; or

9. is in custody as a material witness;

10. is entitled to appointment of counsel in verification of consent proceedings pursuant to a transfer of an offender to or from the United States for the execution of a penal sentence under section 4109 of Title 18 of the United States Code; or

11. is entitled to appointment of counsel under the Sixth Amendment to the Constitution, or faces loss of liberty in a case, and federal law requires the appointment of counsel.

B.    **Discretionary**  Whenever a judge or magistrate judge determines that the interests of justice so require, representation **may** be provided for any financially eligible person who:

1.  is charged with a petty offense (Class B or C misdemeanor, or an infraction) for which a sentence to confinement is authorized;

2.  is charged with civil or criminal contempt who faces loss of liberty;

3.  has been or will be called as a witness before a grand jury, a court, the Congress, or a federal agency or commission which has the power to compel testimony, where there is reason to believe, either prior to or during testimony, that the witness could be subject to criminal prosecution, a civil or criminal contempt proceeding, or face loss of liberty;

4.  is proposed by the United States Attorney for processing under a pretrial diversion program;

5.  is seeking relief, other than to set aside or vacate a death sentence, under sections 2241, 2254 or 2255 of Title 28 of the United States Code;

6.  is held for international extradition under chapter 209 of Title 18 of the United States Code; or

7.  is in need of counsel in ancillary matters appropriate to the proceedings pursuant to 18 U.S.C. § 3006A(c).

C.  **When Counsel Shall be Provided**  Counsel shall be provided to eligible persons as soon as feasible, after they are taken into custody, when they appear before a judge or magistrate judge, when they are formally charged or notified of charges if formal charges are sealed, or when a judge or magistrate judge otherwise considers appointment of counsel appropriate under the CJA, whichever occurs earliest.

D.  **Number of Counsel**  More than one attorney may be appointed in any case determined by the Court to be extremely difficult.  In a capital case, at least two attorneys shall be appointed.

E.  **Eligibility for Representation**

1.  The determination of eligibility for representation under the CJA is a judicial function to be performed by a federal judge or magistrate judge after making appropriate inquiries concerning the person's financial condition.

2. The judge or magistrate judge shall in selecting and appointing counsel either designate the Executive Director of the FDP, an FDP Panel attorney, or, in death penalty habeas corpus cases, the persons whose names are submitted by the Administrative Office of the United States Courts or the Director of the Capital Litigation Division of the State Appellate Defenders Office.

3. If, at any time after appointment, counsel obtains information that a client is financially able to make payment, in whole or in part, for legal or other services in connection with his or her representation, and the source of the attorney's information is not protected as a privileged communication, counsel shall advise the Court.

## IV. COMMUNITY DEFENDER ORGANIZATION

### A. **Establishment**

1. Federal Defender Program, Inc. (hereafter referred to as FDP), a non-profit defense counsel service, has been and is now authorized to provide representation in the Northern District of Illinois as a Community Defender Organization pursuant to the provisions of the CJA. FDP is supervised by a Board of Trustees. The by-laws of FDP are incorporated as part of this Plan, and a copy of the by-laws shall be maintained by the Clerk of Court and attached to the original of this Plan as Appendix I.

2. FDP shall be capable of providing legal services in the Eastern Division of the District and shall maintain an office in Chicago, Illinois.

B. **Supervision of Defender Organization** The Executive Director shall be responsible for the supervision and management of the FDP. Accordingly, the Executive Director shall be appointed in all cases assigned to that organization for subsequent assignment to staff attorneys at the discretion of the Executive Director.

C. **Management of the Panel** FDP shall be responsible for the systematic distribution of cases to and for the management of the CJA Panel.

## V. PRIVATE PANEL ATTORNEYS

This Plan also provides for the appointment and compensation of private counsel through a Panel, the one now in existence, administered by the FDP. The Panel shall be appointed in a substantial proportion of cases.

## VI. REPRESENTATION IN CASES INVOLVING THE DEATH PENALTY

The court shall appoint a member or members of the Capital Litigation Division of the State Appellate Defenders Office with his or her consent or another attorney who qualifies for appointment pursuant to section 848(q) of title 21 United States Code to represent financially eligible persons seeking habeas corpus relief in state death penalty proceedings under section 2254 of title 28 United States Code.

## VII. DUTIES OF APPOINTED COUNSEL

A. **Standards** The services to be rendered a person represented by appointed counsel shall be commensurate with those rendered if counsel were privately employed by the person.

B. **Professional Conduct** Attorneys appointed pursuant to the CJA shall conform to the highest standards of professional conduct, including but not limited to the provisions of the Rules of Professional Conduct for the Northern District of Illinois promulgated by this Court.

C. **No Receipt of Other Payment** Appointed counsel may not require, request, or accept any payment or promise of payment or any other valuable consideration for representation under the appointment, unless such payment is approved by order of the Court.

D. **Continuing Representation** Unless excused by court order, appointed counsel shall continue to act for the party throughout the proceedings, whether before a judge or magistrate judge, until the matter, including ancillary matters appropriate to the proceedings, appeals or review by certiorari, is closed; until substitute counsel has filed a notice of appearance; until an order has been entered allowing or requiring the persons represented to proceed pro se; or until the appointment is terminated by court order.

In the event that a defendant is convicted following trial or is sentenced following a guilty plea or a plea of nolo contendere, appointed counsel shall advise the defendant of his or her right to appeal and to counsel on appeal. If requested to do so by the defendant, counsel shall file a timely Notice of Appeal, and shall continue to represent the defendant unless, or until, relieved by the United States Court of Appeals for the Seventh Circuit.

If counsel appointed by a magistrate judge or judge before whom the case is then pending wishes to be relieved at any time prior to sentencing, counsel shall request permission to withdraw from the judge or magistrate judge before whom the case is then pending. The judge or magistrate judge before whom a case is pending may, in the interest of justice, substitute one appointed counsel for another at any stage of the proceedings except after sentence has been imposed.

8

## VIII. DUTIES OF LAW ENFORCEMENT AND RELATED AGENCIES

A. **Presentation of Accused for Appointment of Counsel** Federal law enforcement and prosecutorial agencies, probation officers, and pretrial services officers in this district, and those acting on their behalf, shall promptly ask any person who is in custody, or who otherwise may be entitled to counsel under the CJA, whether he or she is financially able to secure representation, and shall, in such cases in which the person indicates that he or she is not able, promptly notify FDP who shall discuss with the person the right to representation and right to appointed counsel, and if appointment of counsel seems likely, assist in the completion of a financial affidavit (CJA Form 23) and arrange to have the person promptly presented before a judge or magistrate judge of this Court for determination of financial eligibility and appointment of counsel.

B. **Pretrial Services Interview** Recognizing the continuing excellent relationship between appointed counsel and the U.S. Pretrial Services Office in this District, this Plan encourages defense counsel and the Pretrial Services Office to continue to work together to accommodate the defendant's interest in speaking with an attorney at the earliest opportunity and the pretrial services officer's interest in having sufficient time to obtain information relevant to the defendant's release status . To further this goal, the pretrial services officer shall not discuss with the defendant any of the facts and circumstances of the defendant's arrest or the charges against the defendant.

C. **Notice of Indictment or Criminal Information** Upon the return or unsealing of an indictment, the filing of a criminal information, or the filing of a petition to modify or revoke probation, the United States Attorney or the probation officer, as appropriate, immediately shall mail or otherwise deliver a copy of the document to appointed counsel, or to the defendant if he or she is without counsel, at the address shown on defendant's bond papers or to the jail in which the defendant is incarcerated.

## IX. ADMINISTRATION OF THIS PLAN

A. **Panel of Attorneys** The FDP shall be responsible for the systematic distribution of cases to Panel Attorneys and for the general management of the CJA panel. The existing panel of FDP attorneys shall continue in effect. One Judge of the District Court shall be designated by the Chief Judge as the liaison between the Federal Defender Panel and the Court. Panel attorneys serve at the pleasure of the Panel Attorney Selection Committee and may be removed at any time by the PASC.

B. **Application for Panel Membership** Application forms for panel membership shall be made available by FDP to any member of the bar of the Northern District of Illinois upon request. These applications shall be prepared by FDP in conjunction with the Panel Attorney Selection Committee and shall be periodically reviewed and revised as necessary. Completed applications shall be submitted to FDP with a letter of recommendation from a Judge or Magistrate Judge of this Court, and shall be retained in the offices of FDP and made available upon request to judges or magistrate judges of this Court. Applicants must be members in good standing of the general bar and the Trial Bar of the Northern District of Illinois and the Bar of the Seventh Circuit.

C. **Panel Attorney Selection Committee**

The Panel Attorney Selection Committee (hereafter referred to as PASC) structure currently in effect shall continue to be utilized by the FDP. The Panel Attorney Selection Committee shall consist of between seven and fifteen members and shall be chaired by the Executive Director of the FDP. Between one and three members shall be FDP staff attorneys and the remaining members shall be Panel Attorneys in good standing. These Panel Attorneys shall be selected by the Executive Director and shall serve four (4) year terms. They shall be selected to provide a cross-section of experience and expertise. The Committee shall meet at least four (4) times per year to discuss the admission of new lawyers to the Panel and to review the performance of those lawyers currently serving on the Panel.

The full list of Panel Attorneys shall be submitted to each judge and magistrate judge of the Court every three (3) years expressly for the purpose of obtaining judicial comments, if any, on the performance of the Panel Attorneys.

In selecting members of the Panel, one member of the PASC shall personally interview each applicant following receipt of the application form and a judicial letter of recommendation. That member shall then discuss the applicant's qualifications with the entire PASC and make a recommendation. If a majority of the Committee finds the applicant qualified to serve on the Panel, the Committee may place that person on the Panel.

If a majority of the Committee finds the applicant is potentially but not presently qualified to serve on the Panel because of insufficient experience, the Committee may place the applicant in an internship program. The FDP will assign an inexperienced internship applicant to an experienced proctor attorney who will work with the applicant until the proctor attorney determines that the applicant has gained sufficient experience to become a member of the Panel. The proctor attorney will notify the PASC of the recommendation and the PASC will either follow the recommendation and place the applicant on the Panel or take whatever other action it deems proper. No compensation will be provided to either the proctor attorney or the intern.

D. **Management of the Panel**

FDP will furnish to each district judge and to each magistrate judge a list of Panel Attorneys with current office addresses and telephone numbers.

FDP shall maintain a public record of assignments to panel attorneys, as well as data reflecting the proration of appointments between the FDP and Panel Attorneys. Every effort shall be made to ensure that counsel is appointed as expeditiously as possible, that appointments are equitably distributed and that information on availability of counsel is maintained.

Panel attorneys shall be assigned duty days by FDP. These assignments shall be made in a fair and systematic manner.

The duty attorney shall be responsible for representing all eligible persons whose cases come in on the attorney's duty day, subject to conflict or scheduling problems. The procedure should result in a balanced distribution of appointments and compensation among members of the Panel, and quality representation for each person for whom counsel is appointed.

E. **List of FDP Staff Attorneys** FDP shall furnish to this Court a list of the attorneys on its staff.

F. **Distribution of Lists** The list of Panel Attorneys and the names, addresses, and telephone numbers of appropriate officers or attorneys of FDP shall be furnished to federal investigative units, the United States Attorney's office, and the United States Marshal, so that persons arrested under circumstances where representation is required by federal law may have access to such data.

G. **Systematic Appointments: Duty Day System**

Each official day of court and every weekend day, a designated FDP staff or Panel Attorney will serve as FDP duty attorney. Using a rotational system to assure fair distribution, each month a certain number of Panel Attorneys will be requested to serve as the duty attorney for one day during the ensuing month. The resulting duty day list will be posted in the FDP office and distributed to the offices of judges and magistrate judges, the U.S. Attorney and the U.S. Marshal.

The designated duty attorney shall report to the FDP duty office at 9:00 A.M. The attorney will remain on duty throughout the court day, being available for immediate appointment and interview with clients prior to their appearance before a judge or magistrate judge.

After a duty day appointment, the appointed Panel Attorney will represent the defendant in all subsequent proceedings in that case, including any subsequent revocation of probation or supervised release proceeding.

FDP staff or Panel Attorneys are available for immediate appointment if the duty attorney is already engaged or if a multi-defendant case comes in or if the duty attorney is otherwise unable to represent a particular client.

In a multi-defendant case, or a case where an appointed attorney seeks to withdraw, or a case requiring a specific expertise or experience, FDP will be responsible for assigning the case to a specific staff or Panel attorney.

In addition to being available during time when the court is sitting, FDP staff attorneys will serve as duty attorneys on weekends and holidays. The telephone and/or beeper number of the weekend or holiday duty attorney will be made available in advance to the U.S. Attorney's Office, the duty magistrate judge's chambers and the Pretrial Services Office.

H. **Appointment of Attorneys Not on the Panel**

Subsection (b) of the CJA provides, in part, that counsel appointed pursuant to a local CJA plan must be:

> selected from a panel of attorneys designated or approved by the court, or from a bar association, legal aid agency, or defender organization furnishing representation pursuant to the plan.

However, when the district judge presiding over the case, or the Chief Judge if a district judge has not yet been assigned to the case, or a magistrate judge, determines that the appointment of an attorney, who is not a member of the CJA panel, is in the interest of justice, judicial economy or continuity of representation, or there is some other compelling circumstance warranting his or her appointment, the attorney may be appointed to represent the defendant.

Consideration for preserving the integrity of the panel selection process suggests that such appointments should be made only in exceptional circumstances. Further, the attorney who may or may not maintain an office in this district, should possess such qualities as would qualify him or her for admission to this district's panel in the ordinary course of panel selection. Any suggestion not made through the FDP's ordinary course of assignments that a specific lawyer be appointed, shall come only from the defendant or the defendant's current attorney. The suggestion shall not be made by the U.S. Attorney's Office or by another law enforcement office or agency.

X.  **DETERMINATION OF NEED FOR COUNSEL**

A.  **Determination in Court**   Upon the appearance of a person before a judge or magistrate judge, or at any proceeding in which a person who is entitled to representation under the Plan appears without counsel, the judge or magistrate judge shall advise the person of the right to be represented by counsel throughout the case and that counsel will be appointed if the person is financially unable to afford adequate representation. If the person states that he or she wishes to be represented by appointed counsel, the judge or magistrate judge shall recess the proceedings and notify FDP immediately. If the need for the assistance of counsel is immediate and apparent, counsel may be appointed immediately and the financial inquiry may follow the appointment of counsel as soon thereafter as is practical.

B.  **Factfinding**   Unless it will result in undue delay, factfinding concerning the person's eligibility for appointment of counsel should be completed prior to the person's first appearance in court. Relevant information bearing on the person's financial eligibility should be reflected on a financial eligibility affidavit (CJA Form 23). Employees of law enforcement agencies or United States Attorney offices should not participate in the completion of the CJA Form 23 or seek to obtain information from a person requesting the appointment of counsel concerning his or her eligibility.

12

All statements made by a person in requesting counsel or during the inquiry into eligibility shall be either (a) by affidavit sworn to before the Court, a court clerk or deputy, or a notary public; or (b) under oath in open court.

C. **Standards for Eligibility**  In addition to the income and assets of a person seeking the appointment of counsel, the judge or magistrate judge shall also consider the cost of providing the person and the person's dependents with the necessities of life, and the cost of bail bond if financial conditions are imposed, or the amount of the cash the person is required to make to secure his or her release on bond.

D. **Retroactivity of Appointment**  Appointment of counsel may be made retroactive to include representation furnished pursuant to this Plan prior to appointment if the judge or magistrate judge finds a person has been and is then financially unable to obtain an adequate defense, and that such earlier representation was authorized under the Plan.  Compensation will be made retroactive to cover out-of-court time expended by the attorney during the prior period, and in addition cover compensation for services rendered from the time of initial presentation before a court.  If the person represented is unavailable at the time counsel applies to the court for approval of retroactive appointment, the attorney may nevertheless submit his or her claim to the court for approval based on the person's financial condition at the time.

E. **Multiple Representation**  The judge or magistrate judge shall appoint separate counsel for defendants having interests that cannot properly be represented by the same counsel, or when other good cause is shown.  Ordinarily, unless good cause is shown or in the absence of a waiver on the record by the defendants, in a criminal prosecution involving more than one defendant or where separate charges arising out of the same or similar transactions are concurrently pending against two or more defendants, separate counsel should be appointed for each defendant.

F. **Discretionary Appointments**  Any financially eligible person for whom representation may be provided under this Plan may apply to the court or magistrate judge to be furnished representation based on a showing (1) that the interests of justice so require and (2) that such person is financially unable to obtain adequate representation.  Such application shall be made on a CJA Form 23 unless another form is prescribed by the Judicial Conference of the United States or by Local Rule.  If the party is not before the Court, the judge or magistrate judge may, without requiring the personal appearance of the party for such purpose, act on the basis of the form alone, or the form as supplemented by such information as may be made available by an officer or custodian or other responsible officer, provided that such information is also made available to the party.

G. **Waiver of Right to Counsel**

All waivers of the right to counsel before a judge or magistrate judge shall be in writing on a form approved by the Chief Judge and shall be filed among the papers in the case.  If a person knowingly waives the right to counsel, but refuses to sign the waiver form, the judge or magistrate judge shall certify such fact to the Clerk of the Court for inclusion in the file.

13

A judge or magistrate judge shall explain to a person waiving the right to counsel that such waiver will not prevent a request for the appointment of counsel at a later time or before the same or another judicial officer.

## XI. APPOINTMENT OF COUNSEL

### A. **Federal Defender Program, Inc.**

It shall be the responsibility of FDP to insure the reasonable proration of appointments as between private panel attorneys and FDP staff attorneys. FDP shall make available to the Court such current statistical data as is necessary to insure the above-recited proration of appointments.

If counsel has not been appointed by the Court or the appointment of counsel has been terminated by order, and FDP learns from the report of a judge or magistrate judge, the United States Attorney, the clerk, or from the party him or herself or otherwise, that a party having a right to counsel desires to have counsel appointed, then -

1.  if no affidavit of financial inability to employ counsel has been filed, FDP shall arrange for the party to fill out an affidavit and return it to FDP;

2.  if the notice to FDP includes an affidavit of financial inability to employ counsel or as soon as FDP receives such an affidavit, FDP shall promptly arrange for the appointment of counsel in the manner provided in Section X. H. of this Plan. If in similar circumstances FDP is apprized of the fact that a party desires to apply for a discretionary appointment of counsel, the appropriate CJA forms shall be sent promptly to such party to be executed and filed in accordance with normal filing procedures.

### B. **The Court**

Whenever an FDP staff or Panel Attorney presents to a judge of this Court or a magistrate judge a proposed order for the appointment of counsel for a party entitled as of right to counsel and the judge is satisfied that the party desires counsel and is financially unable to employ counsel, the judge shall appoint counsel for the party. Neither party shall have the right to select appointed counsel from the FDP staff or panel or otherwise. A defendant may request specific counsel in the circumstances delineated in Section IX. H., supra.

Whenever it shall appear to the presiding judge or magistrate judge at the time of arraignment or at any other time, that a party entitled to counsel is not represented by counsel and has not voluntarily waived the assistance of counsel, the judge or magistrate judge shall determine whether such defendant is financially able to obtain counsel and, if not, whether the party wishes the judge to appoint counsel for the party. The judge may also make a discretionary appointment as provided in

14

Section X. F. of this Plan. If in either situation the judge concludes that counsel should be appointed, either FDP will be designated or such appointment will be made from the FDP panel; provided, however, that in extraordinary situations, in the interest of justice, the judge may appoint any member of the bar of this court who would otherwise qualify to become a member of the Panel to represent such a party.

After conviction, if a defendant desires to waive his or her right of appeal, appointed counsel shall insure that such waiver is made intelligently and voluntarily, and shall obtain the signature of the defendant on a written waiver form to be approved by the Chief Judge, and shall cause the executed form to be filed with the other papers in the case.

## C. <u>Redetermination of Need</u>

If at any stage of the proceeding prior to imposition of sentence, a judge or magistrate judge shall find that a party for whom counsel has not previously been appointed under this Plan but who has retained private counsel, is financially unable to provide for continued representation, the judge or magistrate judge may appoint counsel for such party. The court will ordinarily not appoint the same attorney.

If at any time after appointment, counsel has reason to believe that a party is financially able to obtain counsel or to make partial payment for counsel, and the source of counsel's information is not protected as a privileged communication, counsel shall advise the Court. The Court will then take appropriate action, which may include permitting assigned counsel to continue to represent the party with part or all of the cost of representation defrayed by such defendant.

In such event, the amount so paid or payable by the party shall be considered by the court in determining the total compensation to be allowed to such attorney.

# XII. INVESTIGATIVE, EXPERT AND OTHER SERVICES

## A. <u>In Non-Capital Cases</u>

1. <u>**With Prior Approval**</u>  Counsel (whether or not appointed under the Criminal Justice Act) for a party who is financially unable to obtain investigative, expert or other services necessary for an adequate defense, may request such services in an <u>ex parte</u> application submitted to the judge before whom the case is pending, or before a magistrate judge who has jurisdiction (or if the judge otherwise refers such application to a magistrate judge for findings and report). Upon finding in an <u>ex parte</u> proceeding that the services are necessary, and that the person is financially unable to obtain them, the judge or  magistrate judge shall authorize counsel to obtain the services.

2. <u>**Without Prior Approval**</u>  Counsel appointed under the Criminal Justice Act may obtain, subject to later review, investigative, expert, or other services without prior authorization, if necessary for an adequate defense. The total cost of services obtained without prior authorization

15

may not exceed the maximum amount then-allowed under the CJA Guidelines unless the presiding judge or magistrate judge, in the interest of justice, finds in an ex parte proceeding that timely procurement of necessary services could not await prior authorization. The presiding judicial officer may then authorize such services nunc pro tunc.

       3. **Maximum Compensation** The maximum compensation with or without prior approval shall not exceed the maximum amount allowed under the CJA unless payment in excess of that amount is certified by the court or magistrate judge as "necessary to provide fair compensation for services of an unusual character or duration, and the amount of the excess payment is approved by the chief judge of the circuit."

     B. **In Capital Cases** The maximum compensation paid for investigative, expert and other services in capital cases shall not exceed the statutory limitation on fees and expenses for these services, unless the payment in excess of that amount is certified as necessary by the presiding judicial officer.

     C. **Ex Parte Applications** Ex parte applications for services other than counsel made under this Section shall be heard in camera, and shall not be revealed without the consent of the person represented. The application shall be placed under seal until the final disposition of the case in the trial court, subject to further order of the Court.

## XIII. MISCELLANEOUS

     A. **Forms** Standard forms pertaining to the CJA and approved by the Judicial Conference of the United States or its Committee on Defender Services and prescribed and distributed by the Director of the Administrative Office of the United States Courts, shall be used, where applicable, in all proceedings under this Plan.

     B. **Compensation**

       1. **Federal Defender Program, Inc.** FDP, a community defender organization, shall receive such periodic sustaining grants as may be approved by the Judicial Conference of the United States from year to year.

       2. **Private CJA Attorneys** Claims for compensation of private attorneys providing representation under the CJA shall be submitted on the appropriate CJA form, to the Office of the Clerk. That Office shall review the claim form for mathematical and technical accuracy and for conformity with the CJA Guidelines, and, if correct, shall forward the claim form for the consideration of the appropriate judge or magistrate judge. The Court will exert its best effort to avoid delays in reviewing payment of vouchers and in submitting them for further processing.

     C. **Supersession** This Plan supersedes all prior Criminal Justice Act Plans of this Court.

## XIV. EFFECTIVE DATE

This Plan shall become effective when approved by the Judicial Council of the Seventh Circuit.

## APPENDICES

I.  By-Laws of the Federal Defender Program, Inc.

II. Addendum to the Plan for the Representation of Defendants
    in the United States District Court for the Northern
    District of Illinois Pursuant to the Criminal Justice Act
    -- 18 U.S.C. § 3006A, Provisions Applicable in Cases
    Involving the Death Penalty

ENTER FOR THE COURT ON

this 18th day of November, 1999.


/s/ _____
CHIEF JUDGE ASPEN,
UNITED STATES DISTRICT COURT



APPROVED BY THE JUDICIAL COUNCIL OF THE SEVENTH CIRCUIT
on this 19th day of November, 1999.


/s/ _____
CHIEF JUDGE POSNER,
UNITED STATES COURT OF APPEALS

18

**Provisions Applicable in Federal Criminal Cases Involving
the Death Penalty**

**Addendum to the Plan for the Representation of Defendants
in the United States District Court
for the Northern District of Illinois
Pursuant to the Criminal Justice Act of 1964 – 18 U.S.C. § 3006A**

## CONTENTS

I.     Capital Litigation Division of the State Appellate Defenders Office

II.    Procedures Where Death Penalty is Sought Under Federal Law
    A. Appointment of Counsel
      1. Appointment
      2. Appointment Guidelines
      3. Waiver of Appointment Guidelines
      4. Appointment Mechanism
      5. Timing of Appointment of Trial Counsel
    B. Appointment of Appellate Counsel
    C. Appointment of Post-Conviction Counsel

III.   Procedures in Death Penalty Habeas Corpus Proceedings Pursuant to 28 U.S.C. § 2254 or § 2255
    A. Appointment of Counsel
      1. Appointment
      2. Appointment Guidelines
      3. Waiver of Appointment Guidelines
      4. Appointment Mechanism

IV.   Procedures to be Followed in all Federal Capital Cases
    A. Investigative, Expert and Other Services
      1. Applicability of CJA Limitations
      2. With or Without Prior Authorization
      3. Ex Parte Applications
      4. Claims
    B. Payment for Representation by Private Counsel
      1. Applicability of Hourly Rates and Compensatory Maximums

# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS

## PROVISIONS APPLICABLE IN FEDERAL CRIMINAL CASES INVOLVING THE DEATH PENALTY

### ADDENDUM TO THE PLAN FOR THE REPRESENTATION OF DEFENDANTS IN THE UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT OF ILLINOIS PURSUANT TO THE CRIMINAL JUSTICE ACT – 18 U.S.C. §3006A

The Judges of the United States District Court for the Northern District of Illinois have adopted the following Addendum to the Criminal Justice Act Plan for this District which will apply in all cases involving the death penalty.

The phrase "cases involving the death penalty" or "capital cases" includes cases pending in this District or the Central or Southern District of Illinois wherein the government is seeking the death penalty under federal law and cases in those districts wherein the penalty of death has been imposed upon an individual who is seeking to set aside or vacate his or her conviction or sentence on direct appeal or pursuant to 28 U.S.C. § 2254 or § 2255. This shall include prosecutions pursuant to any provision of federal law which authorizes the penalty of death. All such cases shall be referred to in this Addendum as "capital cases" regardless of the nature of the proceeding unless otherwise specified.

## I.  CAPITAL LITIGATION DIVISION OF THE STATE APPELLATE DEFENDERS OFFICE

The Capital Litigation Division of the State Appellate Defenders Office, is authorized by this Plan to provide representation, assistance, information and other related services to eligible death-sentenced persons and appointed attorneys in connection with cases involving the death penalty. The Capital Litigation Division of the State Appellate Defenders Office shall provide representation and assistance in capital cases in the Northern, Central and Southern Districts of Illinois.

The Director of the Capital Litigation Division shall be responsible for the assignment of cases (both as counsel of record and as consultant) among the staff attorneys in that office. The assigned attorney shall file his or her appearance of record.

## II.  PROCEDURES WHERE DEATH PENALTY IS SOUGHT UNDER FEDERAL LAW

### A.  **Appointment of Counsel**

1. **Appointment**  Due to the complex, demanding and protracted nature of death penalty proceedings, when appointing counsel under this section a person shall be entitled to the timely appointment of at least two qualified attorneys, at least one of whom shall be "learned in the law applicable to capital cases." 18 U.S.C. § 3005.

a. In appropriate cases, consistent with the resources available to those offices, the Federal Defender Program, Inc. (hereafter FDP) and\or the Capital Litigation Division may be appointed as counsel in capital cases.

b. Before the formal appointment of counsel occurs in a capital case, an attorney with the FDP and\or the Capital Litigation Division may appear and act as counsel for the defendant, subject to subsequent approval by the Court or the appointment of additional or other counsel under the provisions of subsection 2(e).

c. To ensure the effective supervision and management of the FDP and the Capital Litigation Division, the Executive Director of the FDP and the Director of the Capital Litigation Division shall be responsible for the assignment of cases (either as counsel of record or as a consultant) among the staff attorneys in those offices. Accordingly, when appropriate, cases will be assigned in the name of the Executive Director of the FDP or the Director of the Capital Litigation Division, rather than in the name of individual staff attorneys.

2. **Appointment Guidelines** Counsel shall meet, to the extent practical, the guidelines adopted by the American Bar Association, Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases. At a minimum, at least one attorney so appointed must have been admitted to practice in the federal district courts of Illinois for not less than five years and must have had not less than three years experience in the actual trial of felony prosecutions in the federal district courts of Illinois. Second, such attorney must have at least fourteen hours approved continuing legal education in the defense of capital cases in the preceding two (2) years before the trial.

3. **Waiver of Appointment Guidelines** Upon the joint recommendation of the FDP and the Capital Litigation Division, the Court for good cause may appoint an attorney whose background, knowledge, or experience would otherwise enable him or her to provide proper representation in a capital case, giving due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation.

4. **Appointment Mechanism** Before the appointment of counsel is made in a capital case, the presiding judicial officer shall inform the FDP that a capital case is pending and the counsel is needed. The FDP, after consultation with the Administrative Office of the United States Courts and the Director of the Capital Litigation Division, shall provide the appointing officer the names of at least two attorneys for appointment as counsel, who shall meet the guidelines for counsel in capital cases as set for forth in subsection II(A)(2), or the exception thereto, set forth in subsection II(A)(d). Where there is no FDP available in the district, the Administrative Office of the United States Courts will be consulted regarding the appointment of counsel.

5. **Timing of Appointment of Trial Counsel**

The provisions of this section shall apply at the earliest opportunity. In order to protect the rights of a person who is the focus of an investigation in a capital case, the FDP and/or the presiding judicial officer may assign interim counsel before the appointment of counsel occurs, either at their

own initiative or upon the request of any interested party. The provisions of this section shall take effect no later than whenever a defendant is charged with a federal criminal offense for which the penalty of death is possible, unless the government issues written notice at or before the initial appearance before the judge or magistrate judge that the government will not seek the death penalty or unless the Court orders that death is not an applicable punishment upon conviction.

If such written notice by the government declining to seek death as punishment is later permitted to be withdrawn, the provisions set forth in this section shall be implemented as soon after the withdrawal of the notice as is practicable. In the event that counsel for the defendant has already been appointed or retained at the time the government either withdraws its notice declining to seek the death penalty or files a notice of intention to seek the death penalty, the provisions of this section shall apply to permit the appointment of additional or substitute counsel if necessary to comply with sections II(A)(1)(2) and (3). If additional or substitute counsel is appointed under this subsection, such appointment shall be made sufficiently in advance of trial to permit newly appointed counsel and adequate opportunity to prepare, provided that, if necessary to comply with the provisions of 18 U.S.C. § 3161, a motion to continue the trial is filed by the defendant.

B. **Appointment of Appellate Counsel** In the event the defendant is convicted and sentenced to death, after consultation with trial counsel and the condemned, the FDP, after consultation with the Capital Litigation Division, shall provide the presiding judicial officer the name of at least two attorneys to perfect a direct appeal. Unless a compelling reasons exists to appoint the trial attorneys as appellate counsel, the presiding judicial officer shall appoint counsel to perfect the appeal other than those who represented the defendant at trial. The attorneys appointed shall meet, to the extent practical, the ABA qualifications set out in its guidelines for appellate counsel referred to in subsection II(A)(2) or the exception thereto in subsection II(A)(3).

C. **Appointment of Post-Conviction Counsel** In the event a sentence of death is affirmed on direct appeal, on his or her own initiative or upon the request of any interested party, and after consultation with 1) the defendant and 2) former counsel of record, the FDP, after consultation with the Capital Litigation Division, shall provide the presiding judicial officer with the names of at least two attorneys to prosecute any post-conviction action. The attorneys appointed shall meet, to the extent practical, the ABA qualifications guidelines referred to in subsection II(A)(2) as to post-conviction counsel or the exception thereto in subsection II(A)(3).

III. **PROCEDURES IN DEATH PENALTY HABEAS CORPUS PROCEEDINGS PURSUANT TO 28 U.S.C. § 2254 OR § 2255**

A. **Appointment of Counsel** The Capital Litigation Division shall monitor all habeas corpus cases pending in the United States District Courts in Illinois in which death sentences have been imposed by an Illinois state court.

1. **Appointment** Due to the complex, demanding and protracted nature of death penalty proceedings, when appointing counsel under this section a person shall be entitled to the timely appointment of at least two qualified attorneys as provided in paragraph 6.01 of the Guidelines for the Administration of the Criminal Justice Act.

2. **Appointment Guidelines**  The Capital Litigation Division shall be authorized to serve as counsel of record, and shall recommend to the Court those cases in which its appointment as counsel of record is appropriate.

Counsel shall meet, to the extent practical, the guidelines adopted by the American Bar Association, Guidelines for the Appointment and Performance of Counsel in Death Penalty Cases. At a minimum, at least one attorney so appointed must have been admitted to practice in the federal district courts of Illinois for not less than five years and must have had not less than three years experience in the actual trial of felony prosecutions in the federal district courts of Illinois, at least one of which was a murder prosecution.  Second, such attorney must have prior experience as post-conviction counsel in at least three cases in state or federal court.

3. **Waiver of Appointment Guidelines**  Upon the recommendation of the Capital Litigation Division, the Court for good cause may appoint an attorney whose background, knowledge, or experience would otherwise enable him or her to provide proper representation in a capital case, giving due consideration to the seriousness of the possible penalty and the unique and complex nature of the litigation.

4. **Appointment Mechanism**  In each federal death penalty habeas corpus case in which the Court has determined that counsel shall be appointed, the Capital Litigation Division shall provide the Court with at least two names of attorneys qualified to provide representation in the case. In the interest of justice and judicial and fiscal economy, unless precluded by a conflict of interest, the persons whose names are submitted should be the same persons who represented the party in the state post-conviction proceedings, if those persons are qualified.  If those persons are not qualified or are otherwise unavailable, the Capital Litigation Division shall submit the names of at least two attorneys who are qualified.

## IV.   PROCEDURES TO BE FOLLOWED IN ALL FEDERAL CAPITAL CASES

### A.   Investigative, Expert and Other Services

1. **CJA Limitations**  Fees and expenses for investigative, expert and other services in capital cases commenced on or after April 24, 1996, are limited to the statutory amount, unless the payment in excess of that amount is certified as necessary by the presiding judicial officer.

2. **With or Without Prior Authorization**  Upon a finding in ex parte proceedings that investigative, expert or other services are reasonably necessary for the representation of the defendant in a capital case, the presiding judicial officer shall authorize counsel to obtain such services on behalf of the defendant.  Upon a finding that timely procurement of necessary investigative, expert or other services could not practicably await prior authorization, the presiding judicial officer shall authorize such services nunc pro tunc.

3. **Ex Parte Applications**  Appointed counsel is required to show a need for confidentiality before making an ex parte request for services other than counsel.

4. **Claims** Claims for compensation of persons providing investigative, expert and other services under the Act shall be submitted on the appropriate CJA form, to the office of the Clerk. That office shall review the claim form for mathematical and technical accuracy for conformity with the Guidelines for the Administration of the Criminal Justice Act, and if correct, shall forward the claim form for the consideration of the appropriate judicial officer. If incorrect, the office shall return any claims for compensation to the person submitted them form for correction.

B. **Payment for Representation by Private Counsel**

1. **Applicability of Hourly Rates and Compensation Maximums** In accordance with the provisions of 21 U.S.C. § 848 (q)(10), an attorney appointed in a capital case shall be compensated at a rate of $125 per hour for in-court and out-of-court time in capital cases commenced on or after April 24, 1996. Counsel shall bear the burden of justifying payment at a rate in excess of that recommended by the Judicial Conference.

Enter for the Court on this _18th_ day of _____ November _____, 1999.

/s/ _____
Chief Judge Aspen
United States District Court