IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In re: Motion to Disclose Intercepted | ) | |
| Communications to the United States Senate | ) | No. 06 GJ 1160 |
| Select Committee on Ethics. | ) | |
| _____ | ) | |
| | | |
| In re: Motion to Disclose | ) | |
| Intercepted Communications | ) | |
| | ) | No. 08 CR 888 |
| UNITED STATES OF AMERICA | ) | |
| | ) | |
| v. | ) | |
| | ) | |
| ROD BLAGOJEVICH, et al. | ) | |

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, Chief Judge:

The United States of America (the "government") on May 21, 2009, filed under seal a
Motion to Disclose Intercepted Communications to the United States Senate Select Committee
on Ethics (the "Senate Ethics Committee").  With the consent of counsel for the government and
respondents United States Senator Roland Burris and Robert Blagojevich, I lifted the seal on the
motion and the proceedings to which the motion relates.

The motion, which was heard today, comes before me as the Chief Judge of the United
States District Court for the Northern District of Illinois, pursuant to my authority to hear "[a]ll
requests for authorization for interceptions of wire and oral communications or other
investigatory matters arising under Chapter 119 of Title 18 of the U.S. Code."  N.D. Ill. L. Cr. R.
50.2(2).  In its motion, the government requests authorization to disclose to the members of the
Senate Ethics Committee a copy of a recorded telephone conversation between Roland Burris
and Robert Blagojevich that agents of the Federal Bureau of Investigation electronically

intercepted on November 13, 2008, during the investigation into allegations of corruption against then-Illinois Governor Rod R. Blagojevich.  For the reasons set forth in this Memorandum Opinion and Order, I grant the government's motion.

<u>Background</u>

For a period of time before federal criminal charges were filed against former Illinois Governor Rod R. Blagojevich and others, the government, as part of its investigation into Rod Blagojevich's activities, sought and received court authorization to use wire and electronic surveillance to intercept communications over a land-line telephone number assigned to the office of Rod Blagojevich's campaign committee, Friends of Blagojevich (FOB).   Rod Blagojevich's brother, Robert Blagojevich, was the chairman of FOB.  On November 13, 2008, during the authorized period of interception, Federal Bureau of Investigation agents monitored and recorded a conversation on the FOB land-line between Robert Blagojevich and Roland Burris related to the United States Senate seat vacated by President Obama.  On December 30, 2008, then-Governor Rod Blagojevich appointed Burris to fill President Obama's vacant Senate seat.  A federal grand jury subsequently returned a superseding indictment against Rod Blagojevich, Robert Blagojevich, and others.  The indictment charged former Governor Blagojevich with, among other things, scheming to defraud the people of Illinois of their right to his honest services by attempting to obtain personal benefit in exchange for the appointment to the vacant Senate seat.

The Senate Ethics Committee has now opened a preliminary inquiry into the "circumstances surrounding the appointment and seating of Senator Roland W. Burris." (5/21/09 Mot. to Disclose Intercepted Communication to U.S. Senate Select Comm. on Ethics, Ex. 2.)

2

The Committee is authorized, by its authorizing resolution, to investigate allegations of improper conduct by members, officers, and employees of the United States Senate.  S. Res. 338, 88th Congress (1964).  In furtherance of their duties, the Senate Ethics Committee, by letter dated March 19, 2009, requested that the Department of Justice disclose, among other things, all "intercepted . . . communications in which Senator Roland Burris is a participant or is discussed or mentioned by name and which are related to fundraising for then-Governor Blagojevich or to the appointment of a replacement to fill the United States Senate seat vacated by then-Senator or then-President elect Barack Obama."  (5/12/09 Mot. to Disclose Intercepted Communication to U.S. Senate Select Comm. on Ethics, Ex. 2.)

In response to the Senate Ethics Committee's request, the government has applied to me under 18 U.S.C. § 2517 for authorization to disclose to the members of the Senate Ethics Committee the recording of the communication between Roland Burris and Robert Blagojevich intercepted on November 13, 2008.  The government provided notice of its motion to the interceptees, and the interceptees represented to me in open court that they have no objection to disclosure of the recording to the Senate Ethics Committee.  (Hr'g Tr., May 26, 2009.)

The government, which expressly takes no position on whether the Senate Ethics Committee should take further action or whether the intercepted call supports or rebuts an allegation of improper conduct, presents in its motion only questions of law:  whether the Senate Ethics Committee is qualified to receive disclosure of, and thereafter to use, the copy of the recording between Burris and Robert Blagojevich under 18 U.S.C. § 2517(1), (2), and (3).  For the reasons set forth below, the court finds that the members of the Senate Ethics Committee are

investigative officers to whom the government may disclose a copy of the recording of the
electronically intercepted communication.

Analysis

Section 2517(1) of Title 18 provides that:

> Any investigative or law enforcement officer who, by any means authorized by
> this chapter, has obtained knowledge of the contents of any wire, oral, or
> electronic communication, or evidence derived therefrom, may disclose such
> contents to another investigative or law enforcement officer to the extent that such
> disclosure is appropriate to the proper performance of the official duties of the
> officer making or receiving the disclosure.

18 U.S.C. § 2517(1).  Section 2510(7) defines "investigative or law enforcement officer" as "any
officer of the United States or of a State or political subdivision thereof, who is empowered by
law to conduct investigations of or to make arrests for offenses enumerated in this chapter, and
any attorney authorized by law to prosecute or participate in the prosecution of such offenses."
18 U.S.C. § 2510(7).  And, according to at least one federal appellate court, disclosure under
section 2517(1) does not require prior judicial approval so long as the mandates of Title 18,
Chapter 119 have been met.  *In re Grand Jury Proceedings*, 841 F.2d 1048, 1052 (11th Cir.
1988).

Although the federal courts have not had occasion to consider whether members of the
Senate Ethics Committee are investigative officers under section 2510(7), I have recently
addressed a question similar to the one raised by the government's motion.  In *In re Motion to
Disclose Intercepted Communications*, 594 F. Supp. 2d 993, 998 (N.D. Ill. 2009), I concluded
that members of the Illinois House of Representatives Special Investigative Committee, which
was created by law to investigate alleged misconduct by then-Governor Rod R. Blagojevich,
were "investigative officers" under section 2510(7) and thus qualified to receive intercepted

4

communications under section 2517(1) and (2).  In reaching my conclusion, I applied the

two-step analysis set forth by the Sixth Circuit in *In re Electronic Surveillance*, 49 F.3d 1188,

1190-1191 (6th Cir. 1995), and determined that the Special Investigative Committee members

were entitled to receive and use the intercepted communications because (1) the Committee was

empowered by law to conduct investigations, and (2) the Committee was empowered by law to

conduct investigations of offenses enumerated in Chapter 119.  *In re Motion to Disclose*

*Intercepted Communications*, 594 F. Supp. 2d at 997-98.

Similarly, in *In re Grand Jury Proceedings*, 841 F.2d 1048 (11th Cir. 1988), the United

States Court of Appeals for the Eleventh Circuit concluded that the United States House

Judiciary Committee was qualified to receive disclosure of communications intercepted by

federal wiretap in connection with its investigation into allegations of judicial misconduct

against a federal judge.  In reaching its conclusion, the Eleventh Circuit summarily explained

that "under these circumstances . . . the Committee falls within the definition of 'investigative

officer' contained within 18 U.S.C. § 2517(1)."  *Id.* at 1054.

In this case, the members of the Senate Ethics Committee meet the definition of

"investigative or law enforcement officer[s]" in 18 U.S.C. § 2510(7).  Article I of the United

States Constitution provides that:  "Each House may determine the Rules of its Proceedings,

punish its Members for disorderly Behaviour, and, with the Concurrence of two thirds, expel a

Member."  U.S. Const., art. I, § 5, cl. 2.  Concomitant to those duties, each House must have the

authority to investigate allegations of misconduct.  In addition, Senate Resolution 338

established the Select Committee on Ethics and explicitly authorizes the Committee to

"investigate allegations of improper conduct which may reflect upon the Senate" as well as

5

"violations of law."  S. Res. 338, § 2(a)(1).  Thus, given the role of the Senate Ethics Committee as defined by Senate Resolution 338 and implied by the United States Constitution, the members of the Senate Ethics Committee are empowered by law to conduct investigations.

The members of the Senate Ethics Committee are also empowered to conduct investigations of offenses enumerated in 18 U.S.C. § 2516, which sets forth a comprehensive list of offenses for which the government may seek authorization for electronic surveillance.  In this case, the members of the Senate Ethics Committee are authorized to "investigate allegations of improper conduct which may reflect upon the Senate" as well as "violations of law."  S. Res. 338, § 2(a)(1).  The investigative authority granted to the members of the Senate Ethics Committee by Senate Resolution 338 therefore is broad enough to encompass those violations of the federal criminal code listed in section 2516.

Moreover, the function of the Senate Ethics Committee is similar to the function of the United States House of Representatives Judiciary Committee in *In re Grand Jury Proceedings*, 841 F.2d 1048 (11th Cir. 1988).  Like the House Judiciary Committee, which was authorized to investigate allegations of misconduct against a federal judge, the Senate Ethics Committee is authorized to investigate allegations of misconduct against United States Senators.

Accordingly, because the members of the Senate Ethics Committee are authorized by law to conduct investigations into misconduct that may reflect upon the Senate, including allegations of misconduct by a United States Senator that may violate the criminal laws of the United States, the members of the Senate Ethics Committee are investigative officers as defined by section 2510(7) and thus are qualified to receive disclosures under section 2517(1) for use in the performance of their official duties.

6

<u>Conclusion</u>

For the reasons stated above, the requested disclosure of the recording that is the subject of the government's Motion to Disclose Intercepted Communication to the United States Senate Select Committee on Ethics is granted.  A copy of the recording and transcript may be disclosed by the government to the members of the Senate Ethics Committee as requested, to be used during the Committee's investigation into the circumstances surrounding the appointment and seating of Senator Roland Burris and, if deemed appropriate by the Senate Ethics Committee, placed into the Senate Ethics Committee's record.

Entered:

_James F. Holderman_

_____

James F. Holderman
Chief Judge

Dated:  May 26, 2009